**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Rachel Mira, ) | No.  CV-25-02640-PHX-SPL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| Deutsche Bank Trust Company ) | |
| Americas, et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is pro se Plaintiff Rachel Mira's Motion for Temporary Restraining Order (Doc. 2) and Motion for Preliminary Injunction (Doc. 4). For the following reasons, Plaintiff's Motions will be denied, and her Complaint will be dismissed.

**I.    BACKGROUND**

On July 28, 2025, Plaintiff filed her Verified Complaint (Doc. 1), Motion for Temporary Restraining Order ("TRO") (Doc. 2), and Motion for Preliminary Injunction (Doc. 4). Plaintiff's Complaint asserts she brings this action "to challenge a non-judicial foreclosure that was initiated and conducted without proper notice, authority, or legal process[.]" (Doc. 1 at 1).

Plaintiff alleges that she has resided at the property at issue for 18 years. (*Id.* at 2). In October 2024, a non-judicial foreclosure was initiated, and the property was sold at a trustee's sale. (*Id.*). On October 24, 2024, Defendant Redden Clouse served Plaintiff an eviction notice at the residence. (*Id.*). Plaintiff received another eviction notice on July 12, 2025, which Plaintiff alleges "lacked any court case number or signature by any judicial

1    authority." (*Id.*). The notice indicated that if Plaintiff did not vacate the premises, she would

2    be subjected to "an action of Forcible Entry and Detainer" and may face criminal

3    prosecution. (*Id.* at 3). Plaintiff further alleges that "[n]o sheriff, constable, or court

4    representative was present at either delivery," the documents "did not contain any notation

5    indicating a court-approved eviction or writ of restitution," and that she is unaware of the

6    initiation of any formal eviction process or writ of restitution. (Doc. 1 at 3).

7         Along with the Verified Complaint, Plaintiff filed the present Motion for TRO (Doc.

8    2) requesting the Court enjoin Defendants 339 Properties LLC and Redden Clouse from

9    making further attempts of unauthorized entry, delivery of eviction notices, harassment, or

10    intimidation at the property. (Doc. 2 at 1). Plaintiff subsequently filed a Motion for

11    Preliminary Injunction. (Doc. 4).

12    **II.    LEGAL STANDARD**

13        **a.  Injunctive Relief**

14         A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil

15    Procedure must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer

16    irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its

17    favor; and (4) an injunction is in the public interest.[1] *Winter v. Nat. Res. Def. Council, Inc.*,

18    555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir.

19    2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105–06 (9th Cir. 2012); *Stuhlbarg Int'l Sales*

20    *Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where a

21    movant seeks a mandatory—rather than a prohibitory—injunction, the request for

22    injunctive relief is "subject to a heightened scrutiny and should not be issued unless the

23    facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399,

24

25           [1] The Ninth Circuit observes a "sliding scale" approach, in that these elements "are

26    balanced, so that a stronger showing of one element may offset a weaker showing of
another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus,

27    by example, an injunction can issue where there are "'serious questions going to the merits'
and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff

28    also shows that there is a likelihood of irreparable injury and that the injunction is in the
public interest." *Id.* at 1135.

1403 (9th Cir. 1993).[2]

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a TRO may be entered "without written or oral notice to the adverse party," Fed. R. Civ. P. 65(b).[3] A TRO may issue *ex parte* only where: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Further, the Court may issue a TRO only if the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court may waive the bond "when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Barahona-Gomez v. Renno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

### b. Subject Matter Jurisdiction and Pleading Requirements

"The law mandates that even *pro se* complaints must, at minimum, comply with pleading requirements delineated by Rule 8." *Beck v. Catanzarite Law Corp.*, 22-CV-1616-BAS-DDL, 2023 WL 1999485, at *3 (S.D. Cal. Feb. 14, 2023). To comply with Rule 8, a pleading must contain "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation therein "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). "District courts possess inherent authority to dismiss *sua sponte* a pleading that fails to comply with Rule 8." *Beck*, 2023 WL 1999485,

---

[2] "A mandatory injunction orders a responsible party to take action," while "a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). "The 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060–61 (9th Cir. 2014).

[3] While Plaintiff did not specifically request an *ex parte* TRO, Defendants have not been served and have not yet appeared in this action. Additionally, Plaintiff did not assert that she provided notice of the TRO to Defendants or explain why notice should not be required.

at \*4; *see also Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129–31 (9th Cir. 2008) (holding that a pleading may be dismissed *sua sponte* for failure to satisfy Rule 8); *Robert v. First Haw. Bank*, 172 F.3d 58 (9th Cir. 1999) (Mem.) (upholding district court's *sua sponte* Rule 8 dismissal); *Wolfe v. Yellow Cab Co-op., Inc.*, 880 F.2d 417 (9th Cir. 1989) (same).

Rule 8 also provides that a complaint must assert the grounds for a federal court's jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1). The burden of establishing the Court's jurisdiction over a particular claim is on the party asserting jurisdiction. *E.g., McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992) (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1064 (E.D. Cal. 2019) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

When a plaintiff appears pro se, as is the case here, the court "must construe liberally [the plaintiff's] inartful pleading." *Ortez v. Wash. Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

## III.    DISCUSSION

As an initial matter, the Court notes that Plaintiff has not served Defendants nor notified them of her TRO request. Nor did Plaintiff explain if she made any efforts to provide Defendants notice of her TRO application or why notice should not be provided. This alone renders her request for a TRO invalid. *See* Fed. R. Civ. P. 65(b)(1)(B) (stating

4

1    that the court may issue a TRO without giving the defendants notice "only if" the movant

2    "certifies in writing any efforts made to give notice and the reasons why it should not be

3    required").

4         Additionally, jurisdiction is a threshold inquiry before the adjudication of any case

5    before the Court. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*,

6    858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, this Court cannot adjudicate the

7    merits of this case or order any relief. *See id.* ("If the district court had no jurisdiction over

8    the subject matter, the action should have been dismissed, regardless of the parties'

9    preference for an adjudication in federal court."); Fed. R. Civ. P. 12(h)(3).

10        A brief review of the Complaint and Motion for TRO reveals that the Court lacks

11   subject matter jurisdiction over this action. Plaintiff's Complaint asserts that the Court has

12   federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 1). However, Plaintiff's

13   only claim that could give rise to federal question jurisdiction is Count IV of the Complaint,

14   which alleges a violation of Plaintiff's due process rights under the Fourteenth

15   Amendment. (*Id.* at 3). Plaintiff's Complaint asserts that "[a]ttempted seizure of property

16   without judicial review or process violates due process rights" without providing any

17   supportive factual allegations or legal authority that she holds a property interest in the

18   residence or that the two notices constitute "attempted seizure[s]" of the property. (*Id.*).

19        Construing this as a claim for a violation of Plaintiff's procedural due process rights

20   guaranteed by the Fourteenth Amendment under 42 U.S.C. § 1983, Plaintiff's claim fails

21   to state a claim for relief because she has not plausibly alleged that Defendants were acting

22   under color of state law. *See Haw v. Wash. Mut. Bank*, CIV S-09-407 FCD/KJN, 2010 WL

23   728200, at *1 (E.D. Cal. Mar. 1, 2010); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349–

24   50 (1974) ("[T]he principle that private action is immune from the restrictions of the

25   Fourteenth Amendment is well established and easily stated."). Indeed, Plaintiff's

26   Complaint, Motions, and other supportive documents repeatedly assert that Defendants

27   provided a Notice to Vacate without utilizing any state action. (*See* Doc. 1 at 2–3; Doc. 2

28   at 1; Doc. 3 at 2). "[A]lthough private action 'may be fairly treated as that of the state itself'

1    when there is 'such a close nexus between the state and the challenged action,'" Plaintiff

2    has not alleged any facts that would indicate Defendants are subject to § 1983 liability as

3    state actors for conducting a non-judicial foreclosure procedure. *Wood v. SGT Investments*,

4    21-CV-08784-WHO, 2022 WL 847304, at *4 (N.D. Cal. Mar. 22, 2022) (citing *Brentwood*

5    *Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Apao v.*

6    *Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that a bank using a non-

7    judicial foreclosure procedure provided by state law was not a state actor for purposes of §

8    1983). Nor does the Court believe that, if given leave to amend, Plaintiff would be able to

9    plead facts demonstrating such a close nexus, given Plaintiff's repeated assertions that

10    Defendants failed to utilize any state proceedings or authority in providing the notices to

11    vacate to Plaintiff. As such, the Court must dismiss Plaintiff's Fourteenth Amendment

12    claim for lack of subject matter jurisdiction, and Plaintiff will not be given leave to amend.

13    *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by

14    itself, justify the denial of a motion for leave to amend."); *Schreiber Distrib. Co. v. Serv-*

15    *Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for

16    failure to state a claim, leave to amend should be granted unless the court determines that

17    the allegation of other facts consistent with the challenged pleading could not possibly cure

18    the deficiency.").

19        To that end, the Court will also dismiss Plaintiff's remaining state law claims. Under

20    28 U.S.C. § 1367(a), "district courts have supplemental jurisdiction over all other claims

21    that are so related to claims in the action within such original jurisdiction that they form

22    part of the same case or controversy under Article III of the United States Constitution."

23    Nonetheless, "district courts may decline to exercise supplemental jurisdiction over a claim

24    under subsection (a) if . . . the district court has dismissed all claims over which it has

25    original jurisdiction." 28 U.S.C.A. § 1367(d). Because Plaintiff's single federal question

26    claim has been dismissed—the only claim in this action the Court possessed original

27    jurisdiction over—and the other claims deal with property law matters that are more

28    appropriate for state court review, the Court will dismiss this action in its entirety. *See*

6

*Wood*, 2022 WL 847304, at \*4 (dismissing Fourteenth Amendment due process claim related to the foreclosure of plaintiff's home and her subsequent eviction because defendants were not state actors and declining to exercise supplemental jurisdiction over the remaining state law claims).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) and Motion for Preliminary Injunction (Doc. 4) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice** due to lack of subject matter jurisdiction, and that the Clerk of Court shall **terminate** this action.

Dated this 28th day of July, 2025.

Honorable Steven P. Logan
United States District Judge