**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Mira, | No. CV-25-02640-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Deutsche Bank Trust Company Americas, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Rachel Mira's Motion to Reopen Case. (Doc. 15). Plaintiff has lodged a Proposed Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16) and Proposed Motion for Expedited Hearing (Doc. 17). For the following reasons, the Court will deny Plaintiff's Motion to Reopen Case and will not grant Plaintiff leave to file the lodged motions.

**I.    BACKGROUND**

On July 28, 2025, Plaintiff filed her initial Verified Complaint (Doc. 1), Motion for Temporary Restraining Order ("TRO") (Doc. 2), and Motion for Preliminary Injunction (Doc. 4). Plaintiff's Amended Complaint asserts that she brings this action "to challenge a non-judicial foreclosure on their home . . . conducted without prior judicial hearing or meaningful opportunity to be heard, violating Plaintiff's constitutional right to due process under the Fourteenth Amendment." (Doc. 15 at 4).

In October 2024, a non-judicial foreclosure was initiated, and the property was sold at a trustee's sale. (*Id.* at 5). On or around July 10, 2025, Plaintiff received a communication

from "Defendants 339 Properties LLC and/or Defendant Clouse" offering her up to $5,000 in exchange for immediate surrender of possession and indicating that "eviction proceedings would otherwise be initiated." (*Id.* at 6). Plaintiff further alleges that "[t]he foreclosure was conducted without judicial oversight or prior court authorization, violating due process." (Doc. 15 at 6).

Along with the Verified Complaint (Doc. 1), Plaintiff filed a Motion for TRO (Doc. 2) requesting the Court enjoin Defendants 339 Properties LLC and Redden Clouse from making further attempts of unauthorized entry, delivery of eviction notices, harassment, or intimidation at the property. (Doc. 2 at 1). Plaintiff subsequently filed a Motion for Preliminary Injunction. (Doc. 4). On July 28, 2025, this Court denied Plaintiff's Motions for TRO and Preliminary Injunction and dismissed Plaintiff's Complaint without leave to amend due to lack of subject matter jurisdiction. (Doc. 11). Plaintiff subsequently filed the present Motion to Reopen Case (Doc. 15) and lodged another Proposed Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16) and Proposed Motion for Expedited Hearing (Doc. 17).

## II.     LEGAL STANDARD

"The law mandates that even *pro se* complaints must, at minimum, comply with pleading requirements delineated by Rule 8." *Beck v. Catanzarite Law Corp.*, 22-CV-1616-BAS-DDL, 2023 WL 1999485, at *3 (S.D. Cal. Feb. 14, 2023). To comply with Rule 8, a pleading must contain "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation therein "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). "District courts possess inherent authority to dismiss *sua sponte* a pleading that fails to comply with Rule 8." *Beck*, 2023 WL 1999485, at *4; *see also Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129–31 (9th Cir. 2008) (holding that a pleading may be dismissed *sua sponte* for failure to satisfy Rule 8); *Robert v. First Haw. Bank*, 172 F.3d 58 (9th Cir. 1999) (Mem.) (upholding district court's *sua sponte* Rule 8 dismissal); *Wolfe v. Yellow Cab Co-op., Inc.*, 880 F.2d 417 (9th Cir. 1989) (same).

Rule 8 also provides that a complaint must assert the grounds for a federal court's jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1). The burden of establishing the Court's jurisdiction over a particular claim is on the party asserting jurisdiction. *E.g., McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 182–83 (1936). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992) (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1064 (E.D. Cal. 2019) (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999)); *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

When a plaintiff appears pro se, as is the case here, the court "must construe liberally [the plaintiff's] inartful pleading." *Ortez v. Wash. Cnty*., 88 F.3d 804, 807 (9th Cir. 1996). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

## III.    DISCUSSION

Plaintiff's Amended Complaint, which fails to comply with Local Rule of Civil Procedure 15.1, also fails to plead facts that establish this Court's subject matter jurisdiction over this action. Plaintiff's Amended Complaint, like her first Complaint, asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 15 at 4). However, Plaintiff's only claim that could give rise to federal question jurisdiction is Count I of the Complaint, which alleges a violation of Plaintiff's due process rights under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. (*Id.* at 6). Plaintiff has still not plausibly alleged that Defendants—who are private actors—are subject to § 1983 liability. *See Haw v. Wash. Mut. Bank*, CIV S-09-407 FCD/KJN, 2010 WL 728200, at *1 (E.D. Cal.

Mar. 1, 2010); *Jackson v. Metro. Edison Co*., 419 U.S. 345, 349–50 (1974) ("[T]he principle that private action is immune from the restrictions of the Fourteenth Amendment is well established and easily stated."). "[A]lthough private action 'may be fairly treated as that of the state itself' when there is 'such a close nexus between the state and the challenged action,'" that has not occurred here. *Wood v. SGT Investments*, 21-CV-08784-WHO, 2022 WL 847304, at *4 (N.D. Cal. Mar. 22, 2022) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001))

As noted in this Court's previous Order dismissing this case (Doc. 11), Plaintiff has not alleged any facts that would indicate Defendants are subject to § 1983 liability as state actors for conducting a non-judicial foreclosure procedure.[1] *See Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that a bank using a non-judicial foreclosure procedure provided by state law was not a state actor for purposes of § 1983); *Charmicor, Inc., v. Deaner*, 572 F.2d 694, 696 (9th Cir. 1978) (finding no state action where plaintiffs challenged Nevada's non-judicial foreclosure statute on due process grounds). Plaintiff has not shown any "close nexus between the state and the challenged action" as required to hold a private actor liable under § 1983. *Wood*, 2022 WL 847304, at *4 (cleaned up); *Specht v. Bank of Am., N.A*., 3-12-CV-08253-PCT-SLG, 2013 WL 12099406, at *4 (D. Ariz. Aug. 23, 2013) ("As private entities seeking to foreclose do not constitute government actors, Arizona courts have held that non-judicial foreclosures by private entities cannot constitute due process violations. And A.R.S. § 33-801, the non-judicial foreclosure statute, does not 'transform the actions of private parties into state action.'"). Indeed, Plaintiff specifically alleges that "[t]he foreclosure was conducted without judicial

---

[1] It is well-established that Arizona's non-judicial foreclosure statute does not violate due process rights. *Grady v. Tri-City Nat. Bank*, CV 12-2507-PHX-JAT, 2013 WL 2147541, at *5 n.6 (D. Ariz. May 15, 2013) ("Indeed other courts have held that no due process claim is available following a non judicial foreclosure in Arizona."). Additionally, to the extent that Plaintiff asserts that "Defendants failed to establish proper standing to conduct the foreclosure" (Doc. 15 at 5), Arizona's non-judicial foreclosure statute does not require a party to demonstrate its right to foreclose or to present the original note before conducting foreclosure proceedings. *Hogan v. Washington Mut. Bank, N.A*., 277 P.3d 781, 783 (Ariz. 2012), *as amended* (July 11, 2012).

oversight or prior court authorization, violating due process." (Doc. 15 at 6).

Plaintiff's Amended Complaint seeks to establish the requisite nexus through its new allegations about the eviction process, rather than the non-judicial foreclosure:

> Any subsequent eviction efforts that required court involvement would involve state actors such as judges. Defendants relied on state judicial authority to enforce state judicial authority to enforce eviction, making those actions attributable to the state[.] . . . Defendants coordinated with and relied on these state actors to deprive Plaintiff of property without due process, making their conduct attributable to the state.

(Doc. 15 at 6). First, the Court notes that Plaintiff's Amended Complaint does not plead that any eviction proceedings have occurred, and indeed, because Plaintiff seeks to "[e]njoin Defendants from any further attempts to remove Plaintiff from the property," the Court infers that Plaintiff has not, in fact, been evicted.[2] (*Id.*). Thus, the only alleged state action mentioned in the Amended Complaint has not occurred. Moreover, even if a court-ordered eviction had taken place, Plaintiff's allegations would still not establish that Defendants are state actors for § 1983 purposes, as obtaining relief through the judicial system does not constitute "state action." *See Kuleana, LLC v. Diversified Wood Recycling, Inc.*, 383 Fed. Appx. 601, 602 (9th Cir. 2010) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).

Lastly, and perhaps most importantly, Plaintiff alleges a violation of her due process rights with respect to the *non-judicial foreclosure* process, not the eviction process. (*See* Doc. 15 at 5 ("The non-judicial foreclosure process, while permitted under Arizona law, violates constitutional due process requirements of notice and meaningful opportunity to be heard before deprivation of property.")). Any speculative or potential court-ordered eviction—which Plaintiff apparently *will* have opportunity to contest at a judicial

---

[2] Plaintiff's lodged Proposed Ex Parte Motion for Temporary Restraining Order also asserts that an eviction hearing has been scheduled in state court for August 19, 2025. (Doc. 16 at 3).

hearing—does not bear upon whether Plaintiff was deprived of "judicial hearing or opportunity for Plaintiff to contest standing or ownership" concerning the non-judicial foreclosure. (*Id.*); *see Earl v. Wachovia Mortgage FSB*, CV-09-2198-PHX-MHM, 2010 WL 2336191, at *3 (D. Ariz. June 10, 2010) ("A non-judicial foreclosure, is, by definition, not a judicial proceeding . . . . Accordingly, no judicial proceeding was contemplated or took place at which Plaintiff was denied notice or not permitted to appear. There was, then, no state action which might support a constitutional claim."). As such, the facts of Plaintiff's Amended Complaint are still clear that the alleged violation of due process— the non-judicial foreclosure—had no tie whatsoever with state action. Plaintiff's Amended Complaint therefore fails to establish that the Court has federal question jurisdiction under 28 U.S.C. § 1331. Because it is clear from the face of Plaintiff's Amended Complaint that this Court lacks subject matter jurisdiction over this action, the Court will deny Plaintiff's Motion to Reopen Case (Doc. 15) and will not permit Plaintiff to file the lodged a Proposed Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16) and Proposed Motion for Expedited Hearing (Doc. 17).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reopen Case (Doc. 15) is **denied** for lack of subject matter jurisdiction. The Court will not grant Plaintiff leave to file the Proposed Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16) and Proposed Motion for Expedited Hearing (Doc. 17).

**IT IS FURTHER ORDERED** that this action shall remain **closed**.

Dated this 14th day of August, 2025.

Honorable Steven P. Logan
United States District Judge